IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| J. E. DUNN CONSTRUCTION COMPANY, ) <br> and ) <br> JIM KIDWELL CONSTRUCTION ) <br> CORP. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED FIRE & CASUALTY COMPANY, ) <br> ) <br> Serve: Missouri Director of Insurance ) <br> 301 W. High Street, Room 530 ) <br> Jefferson City, MO 65101 ) <br> ) <br> Defendant. ) | Case No. 10-684 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs J. E. Dunn Construction Company ("J. E. Dunn"), and Jim Kidwell Construction Corp. ("Kidwell Construction") (collectively "Plaintiffs") for their Complaint against Defendant United Fire & Casualty Company ("United Fire") hereby allege as follows:

1. Plaintiff J. E. Dunn is a Missouri corporation with its principal place of business located in Jackson County, Missouri.

2. Plaintiff Kidwell is a Missouri corporation with its principal place of business in Jackson County, Missouri.

3. United Fire is an Iowa corporation with its principal place of business located in Cedar Rapids, Iowa. United Fire may be served through the Missouri Director of Insurance, 301 W. High Street, Room 530, Jefferson City, MO 65101.

4. This cause of action arises out of an insurance coverage dispute regarding a lawsuit filed in the Circuit Court of Jackson County, Missouri captioned *Chantelle Denett v. J.E.*

*Dunn, et al.*, Case No. 0916-CV08964 (the "Underlying Lawsuit"). A copy of the Second Amended Petition filed in the Underlying Lawsuit is attached as **Exhibit 1**.

5. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the dispute exists among citizens of different states.

6. Venue is proper in this Court pursuant to Local Rule 3.2(a)(1)(a) because the accident giving rise to Underlying Lawsuit occurred in Jackson County, and the Plaintiffs are all corporate citizens of this district.

7. This Court has personal jurisdiction over the Defendant because it has engaged in business activities within this judicial district and has issued insurance policies to Missouri residents.

## FACTS COMMON TO ALL PARTIES

8. In December 2005, Trilogy Development Company, LLC ("Trilogy") and J.E. Dunn entered into an agreement for J.E. Dunn to provide construction services on a construction project in Kansas City, Missouri near the Country Club Plaza called the West Edge Project.

9. Trilogy was the owner of the West Edge Project and hired J.E. Dunn as the general contractor.

10. J.E. Dunn contracted with Kidwell Construction to perform excavation services on the West Edge Project

11. Kidwell Construction, in order to fulfill some of its obligations to J.E. Dunn, contracted with Redford Construction, Inc. ("Redford Construction") to perform blasting operations at the West Edge Project and facilitate excavation of the construction site.

12. The Kidwell-Redford Contract required that Redford Construction obtain liability coverage in the amounts and terms stated in Exhibit B to the Kidwell-Redford Contract.

13. According to Exhibit B of the Kidwell-Redford Contract, Redford Construction was required to provide "General Commercial Liability (GCL) with limits of insurance of not less than One Million Dollars ($1,000,000) for each occurrence, and Two Million Dollars ($2,000,000) annual aggregate."

14. Exhibit B to the Kidwell-Redford Contract further provides:

"General Contractor, Owner and all other parties required of General Contractor, shall be included as insureds on the GCL using ISO additional insured endorsement CG 20 10 11 85 or an endorsement providing equivalent coverage to the additional insureds. This insurance for the additional insureds shall be as broad as the coverage provided for the name insured's subcontractor. It shall apply as primary insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to, the additional insureds.

15. Exhibit B to the Kidwell-Redford Contract further provides that Redford Construction must obtain a commercial umbrella policy with coverage of at least One Million Dollars ($1,000,000) and that "Umbrella coverage must include as insureds all entities that are additional insureds under the CGL."

16. Pursuant to its contractual obligations, Redford Construction purchased a Commercial General Liability Policy ("CGL Policy") and Commercial Umbrella Policy ("Umbrella Policy") from United Fire, Policy #101 60343575. A true and correct copy of the policies are attached hereto as **Exhibit 2**.

17. The CGL Policy contains Endorsement No. CG 70 76 1103 entitled "Primary Additional Insured Amendatory Endorsement." *See*, **Exhibit 2**, Bates No. Policy 0037.

18. The purpose of the Endorsement is to identify parties added as Primary Additional Insureds under the CGL Policy.

19. The Endorsement does not list a specific person or organization in the Schedule to be added as an additional insured. Instead, it states "If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement." *Id.*

20. The Declarations to the CGL Policy identify parties added as a primary additional insureds by stating:

> "ADDL INSUREDS – PRIMARY ADDITIONAL INSURED
> AUTOMATIC STATUS WHEN REQUIRED BY WRITTEN CONTRACT"

*See*, **Exhibit 2**, Bates No. Policy 0003.

21. The CGL Policy contains an additional Endorsement # CG 24 04 10 93 which modifies the "COMMERCIAL GENERAL LIABILITY COVERAGE PART." The Endorsement states that a party has automatic coverage when required by written contract and further states:

> It is agreed the following coverage is added: Contractors blanket additional insured-limited products-completed operations coverage. See attached for terms and conditions that apply." *See*, Exhibit 2, Bates No. Policy 0006.

22. On March 30, 2006 United Fire, through its agent, acting within the course and scope of its agency, issued Certificate of Insurance # 44369 attached hereto as **Exhibit 3**.

23. The Certificate of Insurance identifies the CGL Policy and the Umbrella Policy as the applicable policies. It further provides:

> DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS
> ADDED BY ENDORSEMENT/SPECIAL PROVISIONS
>
> J.E. DUNN CONSTRUCTION COMPANY (CONTRACTOR), TRILOGY DEVELOPMENT COMPANY, LLC (OWNER), THEIR OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, CONSULTANTS, WARD-ROANOKE CORPORATION (THE CO-OP), AND GOULD EVANS GOODMAN ASSOCIATES, LC (ARCHITECT) AS ADDITIONAL INSURED IN RELATION TO THE PROJECT CONSTRUCTION BY REDFORD CONSTRUCTION FOR : WEST EDGE.

*See*, **Exhibit 3**.

24. The Certificate of Insurance also specifically identifies Jim Kidwell Construction Corp. as an additional insured. *See*, **Exhibit 3**, Bates No. JKC-04780.

25. A copy of the Certificate of Insurance was provided to the Plaintiffs, and the Plaintiffs relied upon this Certificate of Insurance to believe that Redford Construction fulfilled its contractual obligations and named the Plaintiffs as additional insureds as required by the Kidwell-Redford Contract.

26. On April 4, 2006, Redford Construction conducted the first blast at the West Edge Project. The plaintiff in the Underlying Action, Chantelle Denett, alleges she was injured as a result of this April 4, 2006 blast.

### J. E. Dunn's Tender to United

27. Plaintiffs incorporate by reference all previous allegations made herein.

28. On April 18, 2006, J.E. Dunn tendered the Chantelle Denett claim to Redford Construction. J.E. Dunn received no response.

29. On March 18, 2009, Ms. Denett filed her initial Petition in the Circuit Court of Jackson County, Missouri, naming J.E. Dunn, Redford Construction and one other party as defendants.

30. In her original petition, Chantelle Denett alleged she suffered physical injury from blasting operations that occurred on April 4, 2006 at the West Edge construction project and alleged causes of action for negligence (Count I); negligence *per se* (Count II); strict liability for inherently dangerous activity (Count III); *res ipsa loquitur* (Count IV) and punitive damages (Count V). On April 30, 2009, Denett filed her First Amended Petition in Jackson County, Missouri naming J. E. Dunn, Redford, Kidwell Construction, and Trilogy as Defendants and alleging the same causes of action as her Original Petition.

31. Ms. Denett alleged the defendants negligently performed blasting operations in the following respects:

   a) by negligently using, handling and detonating blasting-explosive materials;

   b) in failing to ensure complete containment of blasting;

   c) in failing to properly research and engineer the blasting so as to contain the blast within the construction zone;

   d) in failing to train employees, agents, and/or representatives to properly identify, and inspect, the construction site and to ensure proper blasting in a reasonably safe and skillful manner and in accordance with all applicable ordinances, statutes, regulations and industry standards;

   e) in representing that it (*sic*) possessed expertise in blasting services when it knew or should have known that improper blasting would potentially put buildings, structures, cars and pedestrians, including Plaintiff Chantelle Denett, at risk;

   f) in failing to warn Plaintiff Chantelle Denett of the dangers related to blasting when Defendant knew, or should have known, of the risks involved;

   g) in failing to properly assess the material being blasted;

   h) in failing to take all other necessary and reasonable precautions to prevent such loss and damage sustained by Plaintiff Chantelle Denett;

   i) in failing to conduct blasts in accordance with all applicable requirements, ordinances, statutes, regulations and standards, including those promulgated by all appropriate federal, state and local units and agencies;

   j) in failing to properly prevent gravel, mud, and dirt to be blasted onto and around where plaintiff was located when defendants knew, or should have known, of the reasonable possibility that improper blasting would cause loss and damage to buildings, structures, cars and pedestrians, including Plaintiff Chantelle Denett; and

   k) any and all other violations of law which become known through discovery.

32. On April 9, 2009, J.E. Dunn again tendered the Underlying Lawsuit to Redford Construction for full indemnification and defense, pursuant to J.E. Dunn's status as an additional insured under the United Fire CGL Policy.

33. On April 23, 2009, Redford Construction and United Fire denied J.E. Dunn's April 9, 2009 tender.

34. On July 17, 2009, J.E. Dunn wrote directly to United Fire and again tendered the Underlying Lawsuit to United Fire for full indemnification and defense pursuant to J.E. Dunn's status as an additional insured under the United Fire CGL Policy.

35. On August 6, 2009, United Fire denied J.E. Dunn's tender. United Fire stated that J.E. Dunn did not have a direct contract with Redford Construction Company, and therefore was not an additional insured under the CGL Policy.

36. In addition, United Fire stated: "In previous correspondence with the plaintiff's attorney, he indicated that a representative of J.E. Dunn and other defendants extended an invitation to the plaintiff to come outside and witness the blast." According to United Fire, this was an independent act of negligence that is not covered under the policy and therefore relieved United Fire of any duty to provide a defense to J.E. Dunn.

37. On September 10, 2009, J.E. Dunn responded and provided proof to United Fire that J.E. Dunn was required to be added as an additional insured pursuant to Exhibit B of the Kidwell-Redford Contract.

38. J.E. Dunn further explained that the alleged invitation was immaterial to the coverage issue because Ms. Denett did not plead the alleged invitation as a negligent act in the Underlying Lawsuit.

39. In fact, neither the original Petition nor any Amended Petition in the Underlying Lawsuit references the alleged invitation cited by United Fire in its August 6, 2009 letter.

40. J.E. Dunn explained that Ms. Denett alleged she was injured from blasting operations performed by Redford Insurance. Therefore, because the Underlying Lawsuit alleged a covered cause of action, J.E. Dunn is entitled to a defense and indemnification under the CGL Policy.

41. On or about October 12, 2009, Mr. James Row of United Fire called J.E. Dunn's counsel in response to J.E. Dunn's September 10, 2009 letter. Mr. Row informed J.E. Dunn's counsel that United Fire still denied J.E. Dunn's request for indemnification and a defense because United Fire believed the alleged invitation to Ms. Denett was an independent act of negligence that precluded coverage. Mr. Row did not address United Fire's previous assertion that J.E. Dunn was not an additional insured under the CGL Policy.

42. On November 5, 2009, J.E. Dunn again wrote United Fire and confirmed the October 12, 2009 conversation with Mr. Row. J.E. Dunn noted that Mr. Row stated the sole basis for denying the tender was the alleged invitation to Ms. Denett and that Mr. Row did not address United Fire's previous claim that J.E. Dunn was not an additional insured under the CGL Policy.

43. J.E. Dunn requested United Fire to provide written notification for any additional reasons it relied upon in denying J.E. Dunn coverage beyond the alleged invitation.

44. To date United Fire has not provided any additional reasons for denying coverage to J.E. Dunn.

### Kidwell's Tender to United Fire

45. Plaintiffs incorporate by reference all previous allegations made herein.

46. On November 18, 2009, Kidwell sent United Fire a copy of Denett's Second Amended Petition and tendered the claim to United Fire for full defense and indemnification pursuant to the CGL Policy.

47. By December 8, 2009, Kidwell had received no response to its November 18, 2009 letter and again wrote United Fire to inquire about United Fire's position.

48. On December 9, United Fire adjuster James Row, wrote back acknowledging Kidwell's December 8, 2009 letter as well as its November 18, 2009 letter tendering the claim. Mr. Row stated that United Fire was reviewing documents "and should be able to respond to your demand within the next two weeks."

49. Having received no communication from United Fire, on February 10, 2010, Kidwell's counsel again wrote United Fire to inquire as to the status of Kidwell's tender.

50. On February 18, 2010, United Fire adjuster James Row responded via letter where he apologized for the delay and stated that the matter had been referred to outside counsel for review and recommendation. He stated he would respond to Kidwell's demand once he received counsel's recommendations.

51. United Fire has never accepted its obligations to provide a defense and indemnification to Kidwell under the CGL Policy and has failed to even respond to Kidwell's tender.

52. On or about June 1, 2010, the Plaintiffs settled their claims with Denett for $220,000, with each party to bear its own costs, expenses and attorney fees.

53. J.E. Dunn incurred approximately $55,000 in attorney fees and expenses in defending the underlying action.

54. Kidwell incurred approximately $9,800.00 in costs and expenses in defending the underlying action.

55. United Fire has a duty to indemnify the Plaintiffs for the $220,000 settlement amount and all attorney fees, costs and expenses incurred by the Plaintiffs in the Underlying Lawsuit.

## COUNT I

### Declaratory Judgment Pursuant to 28 U.S.C § 2201

56. Plaintiffs incorporate by reference their previous allegations as if set forth fully herein.

57. An actual controversy exists within this Court's jurisdiction as to the Plaintiffs' rights and other legal relations under the United Fire CGL Policy.

58. Plaintiffs have repeatedly tendered the Underlying Lawsuit to United Fire for indemnification and defense as additional insureds under the United Fire CGL Policy.

59. United Fire has refused to accept Plaintiffs' tender of the Underlying Lawsuit.

60. Plaintiffs request this Court issue a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that Plaintiffs are additional insureds under the United Fire CGL Policy and the Umbrella Policy and are entitled to full indemnification according to policy terms.

WHEREFORE, for the above stated reasons, Plaintiffs request this Court enter a Judgment declaring that Plaintiffs are additional insureds under the United Fire CGL and Umbrella Policies; are entitled to full indemnification as additional insureds under the policy terms; and are entitled to recover all costs, fees, expenses and settlement proceeds incurred in the Underlying Lawsuit.

## COUNT II

### Vexatious Refusal to Pay Pursuant to R.S.Mo. § 375.420

61. Plaintiffs incorporate by reference their previous allegations as if fully set forth herein.

62. The Underlying Lawsuit alleges several causes of action for injuries allegedly sustained by Ms. Denett during blasting operations performed at the West Edge Project.

63. United Fire is providing a defense and indemnification to Redford Construction in the Underlying Action.

64. United Fire owed a duty to defend and to indemnify the Plaintiffs for all costs, settlements, attorney fees and expenses the Plaintiffs incurred in the Underlying Lawsuit.

65. Prior to settling the Underlying Action, the Plaintiffs properly tendered the Underlying Action to United Fire and requested that United Fire indemnify them and provide a defense.

66. United Fire refused to accept the Plaintiffs' tenders and refused to indemnify and defend them in the Underlying Lawsuit.

67. The sole reason for United Fire's refusal to indemnify and defend J.E. Dunn is due to the allegation that "A representative of J.E. Dunn and the other defendants extended an invitation to the plaintiff to come outside and witness the blast."

68. The alleged invitation to witness the blast is not pleaded as an act of negligence in the Underlying Lawsuit.

69. United Fire also refused to indemnify and defend Kidwell and refused to even respond to Kidwell's multiple tenders.

70. United Fire had no justifiable reason to deny J.E. Dunn and Kidwell's request for a defense and indemnification in the Underlying Lawsuit.

71. United Fire's decision to deny Plaintiffs' request for indemnification and defense as additional insureds under the CGL Policy constitutes a vexatious refusal to pay under R.S.Mo. § 375.420.

WHEREFORE, for the above stated reasons, Plaintiffs request this Court enter judgment in their favor for damages in excess of $75,000; for their attorney fees, costs, expenses and statutory penalties as provided by Missouri law including, but not limited to, R.S.Mo. § 375.420; and for all other relief to which Plaintiffs are entitled to receive.

## COUNT III

### Breach of Contract

72. Plaintiffs incorporate by reference their previous allegations as if set forth fully herein.

73. The Kidwell-Redford Contract required that Plaintiffs be added as additional insureds to the CGL Policy obtained by Redford Construction. Therefore, Plaintiffs are additional insureds under the CGL Policy.

74. The Endorsements to the United Fire CGL Policy state that all parties required by written contract are afforded automatic status as an additional insured under the CGL Policy.

75. Redford Construction paid valuable consideration to United Fire for the Endorsements to add additional insureds to the CGL Policy when required by written contract.

76. As additional insureds, Plaintiffs are intended third-party beneficiaries to the CGL Policy and are entitled to enforce its provisions.

77. United Fire has breached is contractual obligations under the CGL Policy by refusing to defend Plaintiffs in the Underlying Lawsuit and to indemnify Plaintiffs for all costs, expenses, settlements incurred as a result of the failure to defend the Underlying Lawsuit.

78. United Fire's breach has damaged Plaintiffs.

WHEREFORE, for the above stated reasons, Plaintiffs request the Court enter Judgment in Plaintiffs' favor for all amounts incurred by Plaintiffs in settling and defending the Underlying Lawsuit plus Plaintiffs' attorney fees, costs and expenses as allowed by law; and for all other relief Plaintiffs are entitled to receive.

## COUNT IV

### Alternative Claim for Negligent Misrepresentation

79. Plaintiffs incorporate by reference their previous allegations as if set forth fully herein.

80. On March 30, 2006, United Fire, through its agent Stafford & Stafford Insurance Inc. issued a Certificate of Liability Insurance contained in **Exhibit 3** and incorporated herein by reference.

81. In the Certificate of Liability Insurance, United Fire represented that the CGL Policy was amended to list "J. E. Dunn…as [an] additional insured in relation to the project construction by Redford Construction for : West Edge."

82. The Certificate of Insurance also specifically identified Kidwell Construction as an additional insured.

83. If Plaintiffs are not additional insureds under the CGL Policy, the statement naming Plaintiffs as additional insureds in the Certificate of Insurance is false.

84. The false statement declaring Plaintiffs as additional insureds under the CGL Policy was made by United Fire due to its failure to exercise reasonable care or diligence in identifying Plaintiffs as additional insureds in the Certificate of Liability Insurance.

85. United Fire provided the Certificate of Liability Insurance with the knowledge that Redford Construction would provide it to Plaintiffs as proof that Plaintiffs were additional insureds under the CGL Policy.

86. Plaintiffs reasonably relied on Certificate of Liability Insurance and allowed Redford Construction to proceed with blasting operations on April 4, 2006.

87. As a result of Plaintiffs' reasonable reliance on the Certificate of Liability Insurance, Plaintiffs have been damaged.

WHEREFORE, for the above stated reasons, J.E. Dunn requests the Court enter Judgment in Plaintiffs' favor for Plaintiffs' settlement costs, fees and expenses incurred in the Underlying Lawsuit; and award them their attorney fees, costs and expenses as allowed by law; and for all other relief Plaintiffs are entitled to receive.

## JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted,

POLSINELLI SHUGHART PC

By: /s/ Jay E. Heidrick
| | |
|---|---|
| ROY A. BASH | MO #25769 |
| CHRISTOPHER P. SOBBA | MO #53268 |

Twelve Wyandotte Plaza
Kansas City, MO 64105
816-421-3355
816-374-0509 (fax)
rbash@polsinelli.com
csobba@polsinelli.com

JAY E. HEIDRICK     MO #54699
6201 College Blvd., Suite 500
Overland Park, KS 66211
913-451-8788
913-451-6205 (fax)
jheidrick@polsinelli.com

ATTORNEYS FOR PLAINTIFFS